IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM TAYLOR III,**<br><br>Plaintiff,<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendant. | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. William Taylor III, the Plaintiff in this case, is very much alive. Nonetheless, Experian supplied credit reports with tradelines listing Plaintiff as deceased. Predictably, this has negatively impacted Mr. Taylor's life, because lenders are disinclined to extend credit to the deceased.

2. Plaintiff, therefore, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") has negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by reporting him as deceased when he is clearly not.

3. Plaintiff further alleges Experian failed to follow reasonable procedures to ensure maximum accuracy of the credit reports it prepared concerning Plaintiff. Plaintiff seeks statutory, actual, punitive damages, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the state of Pennsylvania and violated

Plaintiff's rights under the FCRA in the state of Pennsylvania as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conducts business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

6. Plaintiff, William Taylor III ("Plaintiff"), is a resident of Cheltenham, Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

## FACTUAL ALLEGATIONS

9. In August of 2022, Plaintiff applied for a debt consolidation loan with Goodleap, a financing company, but was informed that his application was being delayed in its processing.

10. On or about September 14, Plaintiff spoke with the Senior Loan Processor assigned to his application, who for a second time pulled his credit reports, and informed him that he could not be processed and approved because Experian was reporting him as 'Deceased' on a Citizen Bank tradeline.

11. Plaintiff was understandably shocked and upset, as he was very much alive.

Moreover, this was a joint account he held with his father William Taylor Jr., who had in fact passed away in 2019.

12. In order to remedy his application, Plaintiff was encouraged by GoodLeap to contact their third-party supplier, Factual Data, in order to initiate a dispute with Experian.

13. On September 21, 2022, Plaintiff received the results of his dispute. As he learned, not only had he been listed as 'Deceased' on the Citizen Bank tradeline, but also on an additional tradeline with American Express, the latter of which was even more puzzling as this was not an account he shared with his deceased father and on whchi Plaintiff was making regular monthly payments.

14. As a result of these delays due to the erroneous reporting that Plaintiff was deceased on two separate trade lines, Plaintiff was not approved for his debt consolidation loan until early October of 2022.

15. At all times pertinent hereto, Defendant's conduct was willful, or at least negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

16. As a direct and proximate result of Experian's willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports as mandated by the FCRA, Plaintiff has been harmed in his daily life.  For example, Plaintiff was delayed over a month in obtaining his debt consolidation loan, meaning he suffered the additional interest paid for his existing debts in that time.  Additionally, the confusion caused by the inaccurate reporting of "deceased" forced a second hard inquiry relating to the same loan to be placed on Plaintiff's Experian report on September 14, 2022, damaging his credit score. The unnecessary delays and confusion with his deceased father caused Plaintiff significant frustration, anxiety, and depression.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)

17. All preceding paragraphs are realleged.

18. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information that Plaintiff was 'deceased' from being reported on the Plaintiff's credit report.

20. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as set forth above.

## DEMAND FOR TRIAL BY JURY

21. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

   A. Awarding Plaintiff actual damages;

   B. Awarding Plaintiff statutory damages;

   C. Awarding Plaintiff punitive damages;

   D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

   E. Awarding pre-judgment interest and post-judgment interest; and

   F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 18, 2022                    Respectfully Submitted,

                                           By: **MARCUS ZELMAN LLC**

                                           <u>*/s/ Ari H. Marcus*</u>
                                           Ari H. Marcus, Esq. (Pennsylvania Bar
                                           No. 322283)
                                           701 Cookman Avenue, Suite 300
                                           Asbury Park, New Jersey 07712
                                           Telephone: (732) 695-3282
                                           Fascimile: (732) 298-6256
                                           Ari@marcuszelman.com
                                           *Counsel for Plaintiff and Proposed Class*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 18, 2022                    <u>*/s/ Ari H. Marcus*</u>
                                           Ari H. Marcus, Esq.

-5-